IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00801-PAB-KLM

PAULA STANTON, a Colorado resident, and
PATRICK STANTON, a Colorado resident,

      Plaintiffs,

v.

ENCOMPASS INDEMNITY COMPANY, a foreign corporation,

      Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Defendant Encompass Indemnity Company's Motion to Disqualify Richard M. Kaudy, Esq.** [Docket No. 25; Filed July 9, 2012] (the "Motion"). The Motion is referred to this Court for resolution [#26]. Plaintiff submitted a Response in opposition to the Motion on August 2, 2012 [#36], and Defendant filed a Reply on August 21, 2012 [#38]. For the reasons stated below, the Court **GRANTS** Defendant's Motion [#25] as stated herein.

## I. Background

      Defendant removed this matter from the District Court of Summit County, Colorado, on March 28, 2012 [#1]. The Second Amended Complaint filed June 28, 2012 is the operative pleading [#22].

      The lawsuit arises from an accident that occurred on December 12, 2010, in which Plaintiff Paula Stanton ("Mrs. Stanton") was hit by a car while she was jogging on a

sidewalk.  *See* [#22] at 2.  After incurring medical expenses and other alleged financial losses, Mrs. Stanton sought underinsured motorist coverage benefits from Defendant, her insurer at the time of the accident.  *Id.* at 2-3.  Mrs. Stanton first requested underinsured motorist coverage benefits from Defendant on January 7, 2011, which was followed by multiple months of correspondence between her counsel, Mr. Richard M. Kaudy, and Defendant.  *See id.* at 2-10 (alleged chronology).  Defendant paid Mrs. Stanton "covered benefits" in the amount of $100,000 in a check dated May 31, 2012, approximately two months after the filing of this lawsuit.  *Id.* at 10.  Plaintiffs contend that Defendant improperly delayed payment of the benefits at issue, and bring two claims against Defendant, asserting violations of "insurance industry standards and the Colorado Unfair Claim Practices Settlement Act," as well as a breach of the covenant of good faith and fair dealing.  *Id.* at 11-12.

In the instant Motion, Defendant asks that the Court disqualify Mr. Richard M. Kaudy ("Mr. Kaudy") from acting as trial counsel for Plaintiffs and from taking or defending depositions in this matter.  [#25] at 1.  Mr. Kaudy is counsel of record for Plaintiffs in this lawsuit, and represented Mrs. Stanton in relation to the underlying facts of the case beginning as early as January 2011.  *Id.* at 5.  Defendant attests that Mr. Kaudy is a "necessary witness" for this case.  *Id.* at 3.  Defendant asserts that Mr. Kaudy has been the sole point of contact for Plaintiffs as to Mrs. Stanton's claim against Defendant, and through multiple letters and other correspondence to Defendant, "has made numerous allegations and various scathing accusations against Encompass and the adjuster on the claim, Mr. David Pittman."  *Id.* at 2.  Further, Defendant states that Mr. Kaudy controlled the information that was disclosed to Defendant during the course of its investigation of Mrs.

2

Stanton's claim, thus "Mr. Kaudy's provision of information, its quality, and its timing, are all relevant to the defenses of Encompass." *Id.* at 2-3. Defendant cites to Colorado Rule of Professional Conduct 3.7 in support of its request. *Id.* at 3.

In response, Plaintiffs argue that Mr. David Pittman ("Mr. Pittman"), Defendant's adjuster, was "[t]he primary recipient of Mr. Kaudy's communications," thus Mr. Pittman can testify as to "[t]he extent and nature of those communications," as well as "the information that Encompass requested at the time as being necessary to enable it to evaluate the Stantons' claims." [#35] at 3. Because Mr. Pittman can provide the information sought by Defendant from Mr. Kaudy, Plaintiffs contend that the Motion should be denied, as Mr. Kaudy's testimony is unnecessary. *Id.* at 4-5. On the same point, Plaintiffs state that Mrs. Stanton could testify as to whether Mr. Kaudy withheld information from Defendant during their course of dealing. *Id.* at 8. Furthermore, Plaintiffs suggest that Mr. Kaudy's testimony would be irrelevant to the crux of the lawsuit, because "the motives for counsel here have not been concealed: Pay the covered benefit or give an explanation for why not." *Id.* Plaintiffs additionally raise a policy consideration, as they allege that "[f]ew insureds could afford to retain separate counsel" for representation during both claim submission and litigation. *Id.* at 9. Plaintiffs aver that disqualification of Mr. Kaudy would impose a substantial hardship on them. *Id.* at 11.

In reply, Defendant explains that should Mr. Kaudy continue as trial counsel, he "will be able to cross-examine Encompass's adjuster, Mr. Pittman, on the various correspondence that Mr. Kaudy himself drafted, taking on exactly the dual role of advocate and factual witness that Rule 3.7 forbids." [#38] at 1. Defendant provides a few examples of communications indicating that Mr. Kaudy requested Defendant's consent to settlements

3

with other insurance carriers while at the same time withholding information requested by Defendant to adjust Plaintiffs' claim. *Id.* at 3. Defendant alleges that Mr. Kaudy was "not a mere conduit of information," but strategically withheld information and made accusations in order to "set up the insurance company for a bad faith lawsuit." *Id.* at 4, 5. Defendant attests that Mr. Kaudy is the only witness who can testify "as to why he sought uninsured motorists benefits without knowing the amount of the tortfeasor's insurance coverage[,] . . . what information he understood Mr. Pittman to be requesting[, and] . . . why he provided only limited information to Encompass relevant to the determination of whether Ms. Stanton was underinsured . . . ." *Id.* at 6. Defendant emphasizes that it has listed Mr. Kaudy as a witness in the proposed scheduling order. *Id.* at 8; *see also proposed Sched. Ord.*, [#33] at 9 (including Mr. Kaudy on list of deponents). Finally, Defendant challenges Plaintiffs' claim of substantial hardship, because Plaintiffs have "been represented by a second experienced lawyer, Mr. Eddington, since the beginning of this case," which is still in the early stages of litigation. *Id.* at 9.

## II. Legal Standard

"A motion to disqualify counsel is addressed to the sound discretion of the district court." *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1301 (D. Colo. 1994). The movant bears the burden of establishing the grounds for disqualification. *World Youth Day*, 866 F. Supp. at 1299. "When ruling on a motion for disqualification of counsel, [the Court] must make specific findings and conclusions." *Id.* (citation omitted). The Court should evaluate motions to disqualify with suspicion, and it must be aware that such motions may be used to "secure a tactical advantage in the proceedings." *Pappas v. Frank Azar & Assoc., P.C.*, No. 06-cv-01024-MSK-BNB, 2007 WL

4

4224196, at *6 (D. Colo. Nov. 27, 2007) (citing *Religious Tech. Ctr. v. F.A.C.T. Net, Inc.*, 945 F. Supp. 1470, 1478 (D. Colo. 1996)).

Pursuant to D.C.COLO.LCivR 83.4, this District applies the Colorado Rules of Professional Conduct as its standards for professional responsibility. Defendant premises its request on Colorado Rule of Professional Conduct 3.7 ("Rule 3.7"). In pertinent part, Rule 3.7 prescribes that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

"[A] lawyer is a 'necessary' witness if his or her testimony is relevant, material and unobtainable elsewhere." *World Youth Day*, 866 F. Supp. at 1302.

"[T]he mere violation of [Rule 3.7] does not automatically result in disqualification." *Id.* at 1303 (citation omitted). The Court must determine "whether the litigation can be conducted in fairness to all parties," and whether "the claimed misconduct in some way 'taints' the trial or the legal system." *Id.* In making this determination, the Court should evaluate whether the jury would be confused by the advocate also appearing as a witness, and whether the dual role would implicate "an unfair advantage in rebutting or advancing the substantive allegations at issue." *Id.* The Court must also consider "the nature of the case, with emphasis on (1) the subject of the lawyer's testimony; (2) the weight the testimony might have in resolving disputed issues; and (3) the availability of other witnesses or documentary evidence that might independently establish the relevant issues." *People v. Pasillas-Sanchez*, 214 P.3d 520, 525 (Colo. App. 2009) (citation omitted).

### III.  Analysis

Here, the Court finds that Defendant has met its burden of establishing grounds for disqualification of Mr. Kaudy, because Mr. Kaudy is a necessary witness, and the exceptions to Rule 3.7 are inapplicable.  As stated, "a lawyer is a 'necessary' witness if his or her testimony is relevant, material and unobtainable elsewhere."  *World Youth Day*, 866 F. Supp. at 1302.  The Court is persuaded by Defendant's position that Mr. Kaudy's testimony is relevant and material, because if Mr. Kaudy delayed in his interactions with Defendant or used strategy to induce Defendant's delay of paying benefits, such conduct would likely negate a finding of delay and/or bad faith on part of Defendant.  *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 669-70 (10th Cir. 2007) ("Courts should not permit bad faith in the insurance milieu to become a game of cat-and-mouse between claimants and insurer, letting claimants induce damages that they then seek to recover, whilst relegating the insured to the sidelines as if only a mildly curious spectator.").

Regarding whether Mr. Kaudy's testimony is obtainable elsewhere (which also is a factor in the determination of whether trial would be tainted by Mr. Kaudy's dual role), the Court finds Defendant's position as to this issue persuasive as well.  It is true that Mr. Kaudy's correspondence was directed to Defendant through its adjustor, Mr. Pittman.  However, allowing Mr. Pittman to testify in lieu of Mr. Kaudy (as opposed to in addition to Mr. Kaudy) would open the door to Mr. Kaudy examining Mr. Pittman either via direct or cross examination.  Allowing Mr. Kaudy to examine Mr. Pittman (via direct or cross) would violate "[t]he very purpose of [Rule 3.7, which] is to avoid the confusion that results for a jury when the lawyer acts in the dual roles of witness and advocate."  *Pasillas-Sanchez*, 214 P.3d at 525 (citation omitted).  "A witness is required to testify on the basis of personal

knowledge, while an advocate is expected to explain and comment on evidence given by others." Rule 3.7 cmt. [2]. Mr. Kaudy has personal knowledge as to the content and meaning of the exchanged communications; he could not, therefore, properly act in his role as advocate to simply "explain and comment on evidence given by others."

The Court further rejects Plaintiffs' suggestion that Defendant could obtain the testimony of Mr. Kaudy through Mrs. Stanton, instead. All of the correspondence with Defendant took place through Mr. Kaudy as counsel for Plaintiffs, and Mr. Kaudy is the witness with personal knowledge of those communications, not his client. For these reasons, the Court finds that Mr. Kaudy's testimony is relevant, material, and unobtainable elsewhere; therefore, Mr. Kaudy is a necessary witness as contemplated by Rule 3.7.

The Court proceeds to evaluate whether Mr. Kaudy should be disqualified from representing Plaintiffs at trial and from taking or defending depositions, as requested by Defendant. Again, the Court must consider "the nature of the case, with emphasis on (1) the subject of the lawyer's testimony; (2) the weight the testimony might have in resolving disputed issues; and (3) the availability of other witnesses or documentary evidence that might independently establish the relevant issues." *Pasillas-Sanchez*, 214 P.3d at 525. These three factors weigh heavily in favor of disqualification. The subject of Mr. Kaudy's testimony goes to the heart of this case: whether Defendant delayed payment of insurance benefits in bad faith. Mr. Kaudy's testimony as to his conduct would likely be dispositive as to the issue of whether he induced any delay. Neither Mr. Pittman nor Mrs. Stanton could adequately testify regarding either Mr. Kaudy's personal knowledge as to his conduct or his motives for his conduct. Thus, the Court finds that disqualification of Mr. Kaudy from representing Plaintiffs at trial is necessary.

Finally, none of the exceptions stated in Rule 3.7 apply to excuse the disqualification of Mr. Kaudy. Plaintiffs raise only the third exception, that disqualification of Mr. Kaudy would impose a substantial hardship. However, Defendant correctly points out that Plaintiffs have been represented by an additional attorney since the filing of Plaintiffs' Amended Complaint on June 7, 2012 [#18]. Mr. Richard L. Eddington's entry of appearance on that date through his signature on the Amended Complaint belies Mrs. Stanton's statement that she does "not know any other attorneys who would be willing to represent [her]." *See Aff.*, [#35-15] at 2. As stated in *World Youth Day*, no hardship exists when a second attorney has been involved in the case. *See* 866 F. Supp. at 1304.

Regarding Defendant's request that Mr. Kaudy be disqualified not only from trial, but also from conducting pretrial depositions, the Court notes that the plain language of Rule 3.7 applies only to an attorney "act[ing] as an advocate at trial." *See also World Youth Day*, 866 F. Supp. at 1303 (same). However, although "[c]ourts generally permit an attorney disqualified on this basis to participate fully in pretrial litigation activities such as strategy sessions, pretrial hearings, mediation conferences, motions practice and written discovery[,] . . . where the attorney's participation in pretrial deposition[s] could be revealed at trial, the court should bar the attorney from participating in that activity." *Fognani v. Young*, 115 P.3d 1268, 1276-77 (Colo. 2005) (citing *World Youth Day*, 866 F. Supp. at 1303). Thus, because of the distinct risk that Mr. Kaudy's dual role as advocate and as necessary witness could be revealed through his conducting and defending of depositions, the Court grants this portion of Defendant's request as well. *See World Youth Day*, 866 F. Supp. at 1304 ("[I]t is naive to believe that depositions are divorced from trial advocacy. Depositions are routinely utilized at trial for impeachment, and to present testimony in lieu

...

of live testimony when the witness is unavailable.")

## IV. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that Defendant Encompass Indemnity Company's Motion to Disqualify Richard M. Kaudy, Esq. [#25] is **GRANTED**. Mr. Richard M. Kaudy, Esq. is disqualified from acting as trial counsel for Plaintiffs and from taking or defending any deposition in this matter.

Dated: August 23, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge