IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00801-PAB-KLM

PAULA STANTON, a Colorado resident, and
PATRICK STANTON, a Colorado resident,

    Plaintiffs,

v.

ENCOMPASS INDEMNITY COMPANY, a foreign corporation,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Amended Motion for Leave to Amend Complaint** [Docket No. 53; Filed December 14, 2012] (the "Motion"). On January 7, 2013, Defendant Encompass Indemnity Company ("Defendant") filed a Response [#59]. On January 23, 2013, Plaintiffs filed a Reply [#63]. On May 2, 2013, Defendant filed a Surreply [#80]. The Motion is referred to this Court for resolution. [#55]. For the reasons set forth below, the Court **GRANTS** the Motion [#53].

## I. BACKGROUND

This action arises from an accident that occurred on December 12, 2010, when Plaintiff Paula Stanton ("Mrs. Stanton") was hit by a car while she was jogging on a sidewalk in Breckenridge, Colorado. *Third Am. Compl.* [#50] at 2.[1] The driver of the vehicle had liability insurance in the amount of $200,000. *Id.* The full coverage amount

---

[1] Defendant removed this matter from the District Court of Summit County, Colorado, on March 28, 2012. *See generally Notice of Removal* [#1].

was paid by the driver's insurer to Mrs. Stanton within one month after the accident. *Id.* On January 7, 2011, Mrs. Stanton sought underinsured motorist coverage benefits from Defendant, her insurer at the time of the accident. *Id.* Defendant ultimately paid Mrs. Stanton the policy limit of $100,000 on May 31, 2012, approximately two months after this action was filed. *Id.* at 9. In light of Defendant's payment of the policy limit, the Court directed Mrs. Stanton, the sole plaintiff at the time, to file an amended complaint, which she did on June 7, 2012. *See generally Order* [#17]; *Am. Compl.* [#18].

Three weeks later on June 28, 2012, Plaintiffs filed a Second Amended Complaint. *Second Am. Compl.* [#22]. The Second Amended Complaint added Patrick Stanton ("Mr. Stanton") as a plaintiff. *See generally id.* In addition to the allegations regarding Mrs. Stanton, the Second Amended Complaint alleged that on May 18, 2012, Mr. Stanton, through counsel, requested loss of consortium benefits under his wife's underinsured motorist policy. *Id.* at 8-9.

On July 13, 2012, Defendant filed a Motion to Strike Certain Paragraphs of the Second Amended Complaint which the Court granted in part. *See generally Motion to Strike* [#28]; *Order* [#48]. In accordance with the Order, on November 27, 2012, Plaintiffs filed a Third Amended Complaint. *See generally Third Am. Compl.* [#50].

In their Third Amended Complaint, Plaintiffs raise two causes of action against Defendant based on their contention that Defendant improperly delayed payment of the underinsured motorist benefits. *Id.* at 11-13. First, they allege violations of "insurance industry standards and the Colorado Unfair Claim Practices Settlement Act" pursuant to C.R.S. § 10-3-1104(1)(h) and § 10-3-1115. *Id.* at 11. Second, Plaintiffs allege a breach of the covenant of good faith and fair dealing. *Id.* at 11-13.

Pursuant to the Motion, Plaintiffs seek to amend their Third Amended Complaint to include a claim for punitive damages against Defendant based on information gathered in discovery and disclosures. *See generally Motion* [#53]. Plaintiffs do not seek to add or remove any claims or Defendants. *Compare Third Am. Compl.* [#50] *with Proposed Fourth Am. Compl.* [#53-3].

## II.  ANALYSIS

As a preliminary matter, the pleading amendment deadline expired on December 1, 2012. *See Scheduling Order* [#46] at 13. The present Motion was filed on December 14, 2012. *Motion* [#53]. However, Plaintiffs filed Plaintiff's Motion for Leave to Amend Complaint [#51] on November 30, 2012 and informed the Court that Plaintiffs would "supplement this Motion to Amend with citations to [Defendant's] deposition testimony" when they received the deposition transcript. [#51] at 5 n.1. Therefore, the Motion is timely.

The Court next considers any arguments raised by the parties related to whether justice would be served by amendment. The Court should grant leave to amend "freely . . . when justice so requires." Fed.R.Civ.P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant alleges that Plaintiffs' amendments are futile. *Resp.* [#59] at 3. An amendment is futile only if it would not survive a motion to dismiss. *See Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether [Plaintiffs']

proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to [Plaintiffs], and the allegations in the complaint must be accepted as true." *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of [Plaintiffs], giving [them] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [their] complaint." *Id.*

Plaintiff's Complaint was originally filed in Colorado state court. Pursuant to C.R.S. § 13-21-102, inclusion of a claim for punitive damages is prohibited in the initial pleading and only allowed after the plaintiff establishes *prima facie* proof of a triable issue of punitive damages. C.R.S. § 13-21-102(1.5)(a). Plaintiffs argue that they "have set forth a *prima facie* case that would support a jury verdict imposing exemplary damages against [Defendant]." *Motion* at 8. Plaintiffs seek to add paragraphs 93-95 which request "punitive damages" and amend their prayer for relief from the language: ". . . for costs, moratory interest, statutory interest . . ." to the language: ". . . compensatory damages, punitive damages, costs, pre and post-judgment interest, statutory extra-contractual damages as allowed by law . . ." *Compare Third Am. Compl.* [#50] at 13 *with Proposed Fourth Am. Compl.* [#53-3] at 14.

Defendant first alleges that:

Because no reasonable jury could find, beyond a reasonable doubt, that [Defendant's] decision to substantiate [Plaintiffs'] claim before tendering the policy limits demanded by Plaintiffs was done in a manner that [Defendant] must have realized was dangerous to [Plaintiffs] and done with actual evil intent or an inferred wrongful motive, the Motion should be denied.

*Resp.* [#59] at 3.

To the extent that Defendant contends that Plaintiffs have to show that a jury could

find for Plaintiffs beyond a reasonable doubt, this argument is rejected. The appropriate standard here is whether Plaintiffs have provided *prima facie* evidence of willful and wanton behavior, and not whether the Court believes that a jury could find beyond a reasonable doubt that exemplary damages are warranted. *See, e.g., Am. Econ. Ins. Co. v. William Schoolcraft*, Civil Case No. 05-cv-01870-LTB-BNB, 2007 WL 160951, at *4 (D. Colo. Jan. 17, 2007) (emphasizing that in resolving request to amend pursuant to section 13-21-102, court should consider only the "preliminary question" of whether moving parties made *prima facie* case, not whether any party will ultimately be entitled to those damages).

Defendant also argues that the Motion should be denied because "[n]either the Motion nor the proposed complaint provide the requisite factual allegations to support a claim for punitive damages." *Resp.* [#59] at 3; *Surreply* [#80] at 1-4.

C.R.S. § 13-21-102(1.5)(a) provides, in relevant part:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after . . . the plaintiff establishes *prima facie* proof of a triable issue.

C.R.S. § 13-21-102(1.5)(a). The statute contemplates that the discovery process will provide the requisite *prima facie* evidence to support a claim for punitive damages. *See Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). *Prima facie* proof of a triable issue of punitive damages is established by "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Id.*; *see also* C.R.S. § 13-25-127(2) ("[e]xemplary damages against the party against whom the claim is asserted shall only be awarded in a civil action when the party asserting the claim proves beyond a reasonable doubt the commission of a wrong under the circumstances set forth in section 13-21-102.").

Pursuant to C.R.S. § 13-21-102(1)(a), the circumstances under which the wrongful act must have been committed include fraud, malice, or willful and wanton conduct. C.R.S. § 13-21-102(1)(a).

Plaintiffs appear to allege that Defendant engaged in willful and wanton conduct, as Plaintiffs argue that "[Defendant] without any stated reasons intentionally denied and delayed paying [Mrs.] Stanton her covered policy benefits for approximately 15 months after having been provided with proof of her losses." *Proposed Fourth Am. Compl.* [#50] at 11. Plaintiffs also argue that Defendant "chose not to corroborate [Mrs. Stanton's] lost commission claims" with independent witnesses and delegated their "investigation responsibilities onto [Plaintiffs'] counsel" and "refused to specify what information [it] needed or wanted . . ." *Motion* [#53] at 6-7. Plaintiffs further argue that Defendant had a "duty to investigate their claim without delegating" their responsibilities. *Proposed Fourth Am. Compl.* [#50] at 11. Instead of fulfilling that duty, Plaintiffs argue that Defendant "intentionally concealed" information from Plaintiffs despite their numerous requests for information and updates. *Id.* at 3-12.

Colorado law defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." C.R.S. § 13-21-102(1)(b). The Colorado Supreme Court has noted that "[w]here the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). Moreover, at this stage of the litigation, the Court is only concerned with whether the evidence, when viewed in the light most favorable to Plaintiffs,

is sufficient to make out a *prima facie* case of willful and wanton behavior for the purpose of allowing Plaintiffs to amend their Third Amended Complaint to include punitive damages, not whether such evidence is sufficient to defeat a motion for summary judgment. *See Am. Econ. Ins. Co. v. William Schoolcraft, M.D., P.C.*, Civil Case No. 05-cv-01870-LTB-BNB, 2007 WL 160951, at *2 (D. Colo. Jan. 17, 2007).

Accordingly, the Court must consider whether Plaintiffs have alleged that "defendant [was] conscious of [its] conduct and the existing conditions and knew or should have known that injury would result," in order to determine whether Plaintiffs may be allowed to include a claim for punitive damages. *Coors*, 112 P.3d at 66. Plaintiffs argue that Defendant's conduct was willful and wanton because its agent knew his conduct would cause severe emotional distress by "delaying payment of $100,000.00 for well over six months . . . to someone who had been seriously injured in an accident, had considerable medical expenses, and lost income . . ." *Reply* [#63] at 7.

Defendant alleges that Plaintiffs' proposed additional paragraphs 94-95 "consist solely of legal conclusion and conclusory allegations" and fail to allege facts "showing malice or willful and wanton conduct." *Resp.* [#59] at 10; *Surreply* [#80] at 1-4. More specifically, Defendant alleges that the delay in paying Plaintiffs was reasonable. *See generally Resp.* [#59]. Defendant alleges that it issued Plaintiffs' payment within three weeks of obtaining the information that it needed to assess Plaintiffs' claim and that it had continuously requested the information from Plaintiffs and Plaintiffs' medical providers. *Id.* at 4-7.

However, during the fifteen-month period when Plaintiffs were awaiting payment from Defendant, they allege that Defendant continuously delayed payment by notifying

them that it "would respond within 30 days with a proposed resolution." *Proposed Fourth Am. Compl.* [#53-3] at 4-7. Plaintiffs argue that Defendant failed to timely communicate with Plaintiffs about their claims, investigate Plaintiffs' claims, pay Plaintiffs for their claims, or explain its decision process. *Motion* [#53] at 6-8. Plaintiffs also allege that they provided Defendant with emergency room reports; surgical reports; police reports; medical bills, medical records; "unlimited signed medical release authorizations . . . to enable [Defendant] to obtain whatever medical information it wanted;" "signed medical, income and employment authorizations;" documents regarding "lost commission revenue or income;" and the names of individuals who could verify Plaintiffs' lost income. *Proposed Fourth Am. Compl.* [#53-3] at 3-9. Finally, Plaintiffs allege that they provided Defendant with information explaining Plaintiffs' harms and losses, including Plaintiffs' lost income. *Id.* at 6-7. Plaintiffs have provided the deposition testimony of and correspondence with Defendant's adjuster David Pittman in support of their allegations. *Motion* [#53] at Ex. 1.

Defendant claims that when Plaintiffs filed a complaint against Defendant, they suspended Defendant's "duty to negotiate, settle, or pay the claim." *Resp.* [#59] at 5 (citing *Sanderson v. Am. Family Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010)). Therefore, Defendant suggests that there was no unreasonable delay. *Id.* at 13. However, even if the filing of Plaintiffs' complaint suspended Defendant's duties, Plaintiffs did not file it until December 12, 2011. *Notice of Removal* [#1] at 1. Therefore, there was still an eleven-month period prior to the suspension during which Plaintiff did not receive her requested payment.

Considering that this evidence must be viewed in the light most favorable to Plaintiffs, and that leave to amend should be freely granted, the Court finds that it is

sufficient to make out a *prima facie* case for willful and wanton behavior for the purposes of amending Plaintiffs' claims to seek punitive damages. *Foman*, 371 U.S. at 182; *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998); *Castleglenn, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1584-85 (10th Cir. 1993). Plaintiffs have alleged that Defendant acted purposefully and willfully in failing to handle their claim and delayed issuing payment for fifteen months despite Plaintiffs' cooperation regarding supplying requested information. *See generally Proposed Fourth Am. Compl.* [#53-3]. The Court finds that Defendant's alleged failure to engage in any further investigation and/or action on Plaintiffs' claim may demonstrate a *prima facie* case of heedless or reckless disregard for the consequences or rights of the insured. *See Coors*, 112 P.3d at 66. The Court emphasizes that this Order does not evaluate or address the merits of awarding punitive damages in this case, but is limited to the recognition that the issue of punitive damages may be properly included in the pleadings at this point.

Finally, the Court notes that prejudice to Defendant is the most important factor in considering whether Plaintiffs should be permitted to amend their Third Amended Complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the [Defendant] in terms of preparing [its] defense to [claims asserted in the] amendment." *Id.* (quotation omitted). In this case, the Court finds that Defendant has not shown that allowing Plaintiffs to file their Fourth Amended Complaint will unfairly impact its ability to defend against the new exemplary damages claim.

### III. CONCLUSION

Based on the above, therefore, the Court permits Plaintiffs leave to file a Fourth

Amended Complaint.  Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#53] is **GRANTED**.

    IT IS FURTHER **ORDERED** that the Court accepts Plaintiffs' Fourth Amended Complaint [#53-3] for filing as of the date of this Order.

Dated:  May 14, 2013                      BY THE COURT:

                                                  Kristen L.  Mix
                                                  United States Magistrate Judge