IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00801-PAB-KLM

PAULA STANTON, a Colorado resident, and
PATRICK STANTON, a Colorado resident,

    Plaintiffs,

v.

ENCOMPASS INDEMNITY COMPANY, a foreign corporation,

    Defendant.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' oral **Motion to Quash Subpoena Duces Tecum and for Protective Order on Notice of Deposition** served on nonparties Eide Bailly LLP; Overlode, Inc.; and Mary Beardsley by Defendant. The Court requested that the parties submit additional briefing regarding the relevance of the subpoenaed information, and they have done so. The Court has considered Defendant Encompass Indemnity Company's Brief on Relevance of Income Information ("Defendant's Brief") [Docket No. 75; Filed April 24, 2013], Plaintiffs' Brief Regarding Relevance of Post-Payment Evidence ("Plaintiffs' Brief") [Docket No. 76; Filed April 24, 2013], the case record, and the applicable law, and is fully advised in the premises. For the reasons stated herein,

IT IS HEREBY **ORDERED** that Plaintiffs' oral Motion is **DENIED**.

### I. Background

Plaintiff Paula Stanton was injured in an automobile accident. *Third Am. Compl.* [#50] at 2. Defendant Encompass Indemnity Company was Plaintiffs' underinsured

motorist insurance policy carrier. *Id.* Plaintiffs filed suit against Defendant, alleging bad faith breach of insurance contract, among other claims. *Id.* Shortly after suit was filed, Defendant paid Plaintiffs the full amount of benefits available under the policy. *Id.* Plaintiffs seek to quash subpoenas served by Defendant on: (1) "Celia Johnson or another representative of Eide Bailly LLP," Plaintiffs' accountant [#75-1]; (2) "Allyn T. Mosher, Donald E. Jones, or another representative of Overlode, Inc.," Plaintiffs' bookkeeper [#75-2]; and (3) "Mary Beardsley," Plaintiffs' former office manager [#75-3]. *See generally Plaintiffs' Brief* [#76]. Plaintiffs assert that any information obtained after the date when Defendants paid benefits is irrelevant to the issue in this case, which is whether Defendant unreasonably delayed payment of Plaintiffs' insurance benefits. *Id.* at 4.

Defendant alleges that it is entitled to depose these witnesses because information regarding Plaintiffs' income is relevant to: (1) the reasonableness of Defendant's actions; (2) "Plaintiffs' claim for damages;" and (3) "Plaintiffs' credibility." *Defendant's Brief* [#75] at 1. Defendant avers that its actions were reasonable because of Plaintiffs' "partial and misleading disclosure of [their income] to [Defendant], and their failure to access and provide full and undistorted information." *Id.* at 1. Therefore, Defendant asks the Court to find that information regarding Plaintiffs' income is relevant and to permit the depositions and production of documents pursuant to subpoenas. *Id.* at 5.

## II. Analysis

The scope of discovery is broad and "is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995) (citation omitted). Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature,

-2-

custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . subject to the limitations imposed by Rule 26(b)(2)(c)." *See also Williams v. Bd. of Cnty. Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000) (citations omitted) (noting that "request for discovery should be considered relevant if there is 'any possibility' the information sought may be relevant to the subject matter of the action"). Considering that "[l]imitations on the discovery process necessarily conflict with the 'fundamental principle that the public . . . has a right to every man's evidence,'" the Federal Rules broadly define the scope of discovery. *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004) (citing *Trammel v. United States*, 445 U.S. 40, 50 (1980)).

As discussed above, this action arises from an accident that occurred on December 12, 2010, when Plaintiff Paula Stanton ("Mrs. Stanton") was hit by a car while she was jogging on a sidewalk in Breckenridge, Colorado. *Third Am. Compl.* [#50] at 2.[1] The driver of the vehicle had liability insurance in the amount of $200,000. *Id.* The full coverage amount was paid by the driver's insurer to Mrs. Stanton within one month after the accident. *Id.* On January 7, 2011, Mrs. Stanton sought underinsured motorist coverage benefits from Defendant, her insurer at the time of the accident. *Id.* Defendant ultimately paid Mrs. Stanton the policy limit of $100,000 on May 29, 2012, approximately two months after this action was filed. *Defendant's Brief* [#75] at 2.

In their Third Amended Complaint, Plaintiffs raise two causes of action against Defendant based on their contention that Defendant improperly delayed payment of the underinsured motorist benefits. *Third Am. Compl.* [#50] at 11-13. First, they allege

---

[1] Defendant removed this matter from the District Court of Summit County, Colorado, on March 28, 2012.  *See generally Notice of Removal* [#1].

violations of "insurance industry standards and the Colorado Unfair Claim Practices Settlement Act" pursuant to C.R.S. § 10-3-1104(1)(h) and § 10-3-1115. *Id.* at 11. Second, Plaintiffs allege a breach of the covenant of good faith and fair dealing. *Id.* at 11-13. Defendant alleges that the payment delay was reasonable. *Defendant's Brief* [#75] at 2.

The definition of relevance is broadly construed for purposes of seeking discovery. *See generally Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Simpson*, 220 F.R.D. at 359 (citations omitted); *see also Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting discovery based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or burdensome"). However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *See Paradigm Alliance, Inc. v. Celeritas Tech., LLC*, No. 07-1121-MLB, 2008 WL 678700, at *2 (D. Kan. March 7, 2008) (citation omitted); *Williams*, 192 F.R.D. at 705 (noting that when relevancy of a propounded request is not apparent, the proponent has the burden of establishing it).

The Court finds that Defendant has established the relevance of the requested

depositions and documents. Plaintiffs allege that the reasonableness of an insurer's delay of payment must be "judged based on the facts in the file at the time the insurer took action . . ." Plaintiffs' Brief [#76] at 3 (citing *Peiffer v. State Farm Mut. Auto. Ins. Co.*, 940 P.2d 967 (Colo. App. 1996)). However, as Defendant notes, reasonableness is determined "under the circumstances." Defendant's Brief [#75] at 4; *Farmers Grp., Inc. v. Trimble*, 691 P.2d 1138, 1142 (Colo. 1984). Defendant argues that Plaintiffs withheld certain income information from Defendant prior to May 29, 2012, and therefore it was reasonable for Defendant to delay payment of insurance benefits to Plaintiffs. *See* Defendant's Brief [#75] at 3; *see also* Exhibit N [#75-14] at 2. Defendant seeks the documents and depositions requested to show that Plaintiffs withheld important income informaiton prior to Defendnat's payment of the insurance proceeds, and "that it overpaid Mrs. Stanton," which bears on the reasonableness of its actions. Defendant's Brief [#75] at 4-5. Defendant further asserts that the information relates to Plaintiffs' credibility, "because it appears their income (and lost income) was not what they represented to [Defendant], which [Defendant] relied on for almost all of the $100,000 policy limit payment." *Id.* at 5.

In consideration of these arguments and the appropriate scope of discovery, Plaintiffs' oral Motion is **DENIED**.

Dated: June 4, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge